NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
30727
04-APR-2012
08:17 AM**

NO. 30727

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
SEAN ALLAN WASZILY, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 07-1-0027)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Leonard and Reifurth, JJ.)


Defendant-Appellant Sean A. Waszily (Waszily) appeals from the "Order Granting Department of Public Safety, State of Hawai'i's Motion to Correct Illegal Sentence" (Order Granting Motion to Correct Illegal Sentence) filed on August 23, 2010, in the Circuit Court of the Second Circuit (Circuit Court).[1] We affirm.

I.

Waszily pleaded no contest in Hawai'i to unauthorized possession of confidential personal information, second-degree forgery, two counts of second-degree theft, and three counts of credit card fraud. He was sentenced to five years of probation. On March 3, 2008, a bench warrant was issued for Waszily's arrest

---

[1] The Honorable Shakley F. Raffetto presided over the proceedings relevant to this appeal.

when he failed to appear at a hearing related to alleged probation violations.

Waszily was arrested in Nevada on Nevada charges on September 15, 2008. On September 18, 2008, Waszily executed a waiver of extradition to Hawai'i. Waszily pleaded guilty to the Nevada charge of possession of credit or debit card without cardholder's consent. He was sentenced by the Nevada District Court to a maximum of thirty-six months of imprisonment with a minimum parole eligibility of twelve months in the Nevada Department of Corrections, to run concurrent with the Hawai'i sentence. Waszily's Nevada Judgment of Conviction was filed on October 3, 2008. Waszily remained incarcerated in Nevada on the Nevada charges until he was extradited to Hawai'i.

On July 2, 2009, Waszily was extradited back to Hawai'i. The Circuit Court subsequently revoked his probation. The Circuit Court resentenced Waszily to five years of imprisonment and initially ordered that Waszily receive credit for time served effective September 18, 2008, which was the date he executed the waiver of extradition while in custody in Nevada. However, the Department of Public Safety of the State of Hawai'i (State) filed a motion to correct illegal sentence, arguing that because Waszily had been in custody in Nevada for Nevada crimes, the Circuit Court's order granting him credit for time served as of September 18, 2008, was illegal. The Circuit Court agreed with the State and issued its Order Granting Motion to Correct Illegal Sentence. The Circuit Court ruled that Waszily was not entitled to credit in his Hawai'i case for the time served in his separate criminal case in Nevada. The Circuit Court ordered that Waszily's credit for time served be modified to reflect credit for time served as of July 2, 2009.

II.

On appeal, Waszily contends that the Circuit Court erred in granting the State's motion to correct illegal sentence. Waszily contends that he is entitled to credit for the time he

served incarcerated in Nevada after he signed the waiver of extradition on September 18, 2008. We disagree.

Credit for time served is governed by HRS § 706-671 (1993) which states in relevant part:

> (1) When a defendant who is sentenced to imprisonment has previously been detained in any State or local correctional or other institution <u>following the defendant's arrest for the crime for which sentence is imposed</u>, such period of detention following the defendant's arrest shall be deducted from the minimum and maximum terms of such sentence.

(Emphasis added.)

Under HRS § 706-671, a defendant is entitled to credit "for any time served [in presentence incarceration] <u>in connection with</u> the same offense." <u>State v. March</u>, 94 Hawaiʻi 250, 254, 11 P.3d 1094, 1098 (2000) (emphasis in original). However, the Hawaiʻi Supreme Court has held that a defendant is not entitled to pre-sentence credit for time served in connection with an unrelated criminal offense:

> HRS § 706-671 . . . does not authorize courts to credit Defendant with time served for another offense. Based on the plain language of the statute, the legislature clearly intended the credit to apply only to the sentence for the offense for which the presentence time was served. Any other result would allow credit for time served in connection with wholly unrelated offenses. Under the criminal justice system, once convicted, the defendant must serve the sentence imposed for the offense committed. Accordingly, we hold that a sentence that credits Defendant with the time served for an unrelated offense is illegal because the sentencing court is not authorized by chapter 706 to grant such a credit.

<u>Id.</u> at 254-55, 11 P.3d at 1098-99.

Waszily's claim that he became entitled to credit for time served upon signing the waiver of extradition on September 18, 2008, is without merit. A defendant held in another jurisdiction is entitled to credit for time served with respect to a Hawaiʻi offense if the defendant was being held in custody in the other jurisdiction for the purpose of being extradited to Hawaiʻi for the Hawaiʻi offense. <u>See</u> <u>State v. Mason</u>, 79 Hawaiʻi 175, 183, 900 P.2d 172, 182 (App. 1995). Under these

circumstances, the defendant's confinement in the other jurisdiction is "in connection with" the Hawaiʻi offense.

In this case, however, Waszily was being held in Nevada for a Nevada crime that was unrelated to his Hawaiʻi offenses. Waszily's execution of a waiver of extradition on September 18, 2008, in Nevada did not trigger his entitlement to credit for time served on his Hawaiʻi offenses because he continued thereafter to be held in custody by Nevada for the Nevada crime. It was only after Nevada authorities released Waszily from custody for his Nevada offense and extradited him back to Hawaiʻi that Waszily became entitled to presentence credit for his Hawaiʻi offenses. Accordingly, the Circuit Court did not err in its Order Granting Motion to Correct Illegal Sentence. See March, 94 Hawaiʻi at 254-55, 11 P.3d at 1098-99; see also State v. Schmidt, 84 Hawaiʻi 191, 200, 932 P.2d 328, 337 (App. 1997) (holding that defendant was not entitled to presentence credit on Hawaiʻi offenses for time served in Minnesota on an unrelated crime based on a detainer filed by the State of Hawaiʻi to hold him for return to Hawaiʻi).

III.

We affirm the Circuit Court's Order Granting Motion to Correct Illegal Sentence.

DATED: Honolulu, Hawaiʻi, April 4, 2012.

On the briefs:

Matson Kelley
for Defendant-Appellant

Lisa M. Itomura
Diane K. Taira
Deputies Attorney General
for Plaintiff-Appellee

*Craig H. Nakamura*

Chief Judge

*[signature]*

Associate Judge

*[signature]*

Associate Judge

4